UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

NANCY L. LaFOLLETTE, )
    Petitioner, )
 )
v. ) Nos. 2:12-CR-4
 )      2:14-CV-275
UNITED STATES OF AMERICA, )
    Respondent. )
 )

## MEMORANDUM AND ORDER

Nancy L. LaFollette ("petitioner") has filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, [Doc. 469]. The United States has responded in opposition, [Doc. 487]. For the reasons discussed in this memorandum and order, her motion is DENIED.

### I. Background

On January 10, 2012, an indictment was filed which charged petitioner with numerous offenses involving methamphetamine. Because of a plea agreement discussed below, the only count of that indictment which remains relevant is Count One which charged petitioner with conspiring with her co-defendants to manufacture 50 or more grams of methamphetamine.[1] The punishment for a conviction on Count One was a mandatory minimum ten years up to a maximum of life, 21 U.S.C. § 841(b)(1)(A).

On July 5, 2012, petitioner and the government entered into a plea agreement in which she pled guilty to the lesser included offense of Count One, *i.e.*, conspiring to manufacture at least five but less than 50 grams of methamphetamine.[2] The punishment for conspiring to manufacture

---
[1] Doc. 3.
[2] Doc. 174.

1

at least five but less than 50 grams of methamphetamine was a mandatory minimum five years up to a maximum of 40, 21 U.S.C. § 841(b)(1)(B). In addition, petitioner waived her right to collaterally attack her conviction or sentence in a § 2255 proceeding except for claims of ineffective assistance of counsel or prosecutorial misconduct unknown to her at the time of entry of judgment.[3]

Under § 2D1.1 of the United States Sentencing Guidelines ("USSG"), the United States probation office determined that petitioner's base offense level was 28.[4] A total of three levels were deducted for acceptance of responsibility and assistance to law enforcement, resulting in an adjusted offense level of 25.[5] Petitioner's criminal history score was a 6 and her criminal history category was III.[6] Based upon a total offense level of 25 and a criminal history category of III, petitioner's guideline range was 70 to 87 months.[7] The Court sentenced petitioner to 78 months.[8] The judgment was filed on February 12, 2013.[9]

## II. Petitioner's Motion

Petitioner filed her motion to vacate, set aside, or correct her sentence on September 8, 2014, 19 months after the judgment in this case was filed. Her motion and accompanying memorandum are a bit confusing, but she seems to make two claims: First, she claims that it was a violation of her due process rights when her criminal history was used to subject her to a mandatory minimum sentence of five years when none of her convictions were "aggravated felonies." Second, again arguing that none of her prior convictions were for aggravated felonies, she maintains that the

---

[3] *Id.* at, ¶ 13(b)
[4] Presentence Report ("PSR"), ¶ 22.
[5] PSR, ¶¶ 22-31.
[6] PSR, ¶¶ 43, 44, 45.
[7] PSR, ¶ 67.
[8] The Court reduced petitioner's sentence from 78 months to 63 months pursuant to 18 U.S.C. § 3582(c) on April 7, 2005. [Doc. 499].
[9] Doc. 381.

2

United States Probation Office erroneously used those convictions in calculating her criminal history category at III.

**III. Standard of Review**

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson,* 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). See also *United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court

lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F. 2d 1039, 1041 (6th Cir.), cert. denied, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F. 3d 503, 506 (6th Cir.), cert. denied, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

**IV.    Analysis**

First, the judgment was filed on February 12, 2013 and petitioner filed her motion on September 8, 2014, seven months beyond the one-year allowed by 28 U.S.C. § 2255(f)(1) to file a motion to vacate a sentence. Petitioner's motion is time-barred unless the statutory limitation did not begin running until one of the dates described in § 2255(f) (2) or (3), or unless circumstances exist that would justify equitable tolling. Petitioner has set forth no fact that would implicate either §2255(f)(2) or (3), and none exists in the record. It is petitioner who bears the burden of establishing that equitable tolling should apply to her case, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and neither her motion nor her accompanying memorandum address the issue at all. In short, petitioner has stated no basis that would justify equitable tolling of the limitation period.

Second, these claims fall squarely within the waiver in the plea agreement of her right to file a § 2255 motion, since it involves neither ineffective assistance of counsel nor prosecutorial misconduct. Such waivers are constitutional and must be enforced by the courts, *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001). The United States does not rely on the waiver in the

plea agreement, however, and the motion would not be dismissed on that basis.

Third, petitioner's criminal history had nothing to do with the mandatory minimum sentence to which she was subject. The mandatory minimum sentence of five years was based upon the amount of methamphetamine, at least five grams but not more than 50, and of course is statutory, 21U.S.C. § 841(b)(1)(B). Petitioner's criminal history had nothing to do with the mandatory minimum sentence applicable to her.

Fourth, petitioner's Criminal History points were calculated under § 4A1.2(c) of the Guidelines, using precisely the offenses of which petitioner was convicted. Although she accumulated 5 points, only 4 were assigned to her due to USSG §4A1.1(c).[10] However, because she was on probation for a state offense when she committed the federal offense to which she pled guilty, two additional points were added under § 4A1.1(d), for a total of 6 criminal history points.[11]

Petitioner's Base Offense Level was 28 under the Drug Quantity and Drug Equivalency Tables of § 2D1.1.[12] After deducting the three points for acceptance of responsibility and assistance to law enforcement, her Adjusted Base Offense Level was 25.[13] A Criminal History score of 6 resulted in a Criminal History Category of III under Chapter 5, Part A of the Guidelines. That Criminal History and Offense Level established her guideline range at 70 to 87 months under the Sentencing Table in Chapter 5, Part A.

In short, petitioner's Criminal History Category was based on the United States Sentencing Guidelines, and the underlying calculations did not involve "aggravated felonies," but merely the offenses of which petitioner was actually convicted. There was no enhancement to

---

[10] PSR ¶¶35-42.
[11] PSR ¶¶43,44.
[12] PSR ¶22
[13] PSR ¶¶29-31.

any part of the calculation as petitioner seems to suggest.

## V. Conclusion

Petitioner's motion and the records of this case show conclusively that petitioner is entitled to no relief and that no hearing is warranted, 28 U.S.C. §2255(b); Rule 8, Rules Governing Section 2255 Proceedings. Therefore, for the reasons discussed above, the Court holds that petitioner's sentencing was not in violation of the constitution or laws of the United States and her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, doc. 469, is DENIED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio,* 263 F. 3d 466 (6th Cir. 2001). The District Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Id*. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." After reviewing each of Petitioner's claims, the Court finds that reasonable jurists could not conclude that petitioner's claims are adequate to deserve further review. Because petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

SO ORDERED.

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE